
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESMERALDA GUTIERREZ AGUIRRE; et al., | No. 20-70396 |
| Petitioners, | Agency Nos. A208-417-962 |
| v. | A208-417-963 |
| | A208-417-964 |
| MERRICK B. GARLAND, Attorney General, | A208-417-965 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 17, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and BRESS and BUMATAY, Circuit Judges.

Esmeralda Gutierrez Aguirre and her minor children, natives and citizens of

Mexico, petition for review of a Board of Immigration Appeals (BIA) decision

denying their claims for asylum and withholding of removal, rejecting their due

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

process claims, and denying their motion to remand their case to the immigration judge (IJ) for the consideration of new evidence. We have jurisdiction under 8 U.S.C. § 1252, and we deny the Petition for Review.

We review the BIA's findings of fact for substantial evidence and its legal conclusions de novo. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review the denial of a motion to remand for abuse of discretion. *Kwong v. Holder*, 671 F.3d 872, 880 (9th Cir. 2011). Because the parties are familiar with the history of this case, we need not recount it here.

I

Substantial evidence supports the BIA's conclusion that the petitioners did not establish past persecution because the harm they experienced at the hands of a gang lacked the requisite nexus to a protected ground. The BIA reasonably found that the petitioners were targeted solely "as a means to an end"—gang recruitment—and not on account of their membership in any of their proffered family-based particular social groups (PSGs). *Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (BIA 2017), *overruled on other grounds by Matter of L-E-A-*, 27 I. & N. Dec. 581 (AG 2019). The BIA's conclusion that the petitioners lacked a well-founded fear of future persecution is supported by substantial evidence for the same reason.

The BIA correctly concluded that any error in the IJ's application of the nexus standard for withholding to the petitioners' asylum claim was harmless because the withholding standard is the less demanding of the two standards. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). The BIA correctly construed the IJ's decision as finding no nexus to a protected ground and did not engage in improper factfinding by affirming that finding. Because the BIA properly rejected the petitioners' asylum and withholding claims on the basis of nexus alone, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam); *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017), any error in the BIA's description of current caselaw on the cognizability of family-based PSGs is harmless. Likewise, the petitioners' challenges to the IJ's state participation and relocation findings, which the BIA did not adopt, are inapposite and outside the scope of our review.[1] *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011).

---

[1] We lack jurisdiction over the petitioners' unexhausted claim that the BIA conflated the ultimate standards of proof for asylum and withholding. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

II

The petitioners are not entitled to relief on the basis of a due process violation. We grant a petition for review based on a due process violation "if (1) the proceeding was so fundamentally unfair that the [petitioner] was prevented from reasonably presenting his case, and (2) the [petitioner] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (internal citations and quotations omitted).

The petitioners have not demonstrated prejudice from either of the procedural decisions they challenge. The IJ's denial of the petitioners' motion for Gutierrez Aguirre's husband to testify telephonically is unlikely to have affected the outcome of the case. The IJ accepted his declaration, Gutierrez Aguirre credibly testified to the same facts, and nothing in the record suggests his testimony could have strengthened the petitioners' claims as to the dispositive issue of nexus. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011). Likewise, the petitioners have not shown how the IJ's failure to invite their lawyer to give closing arguments prejudiced them.[2]

---

[2] We lack jurisdiction over the petitioners' unexhausted argument that the absence of closing argument deprived them of the right to counsel. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

## III

The BIA did not abuse its discretion in denying the petitioners' motion to remand their case to the IJ to consider new evidence. New evidence presented in a motion to reopen must be material, must have been unavailable at the former hearing, and must be "likely [to] change the result in the case." *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008); 8 C.F.R. § 1003.2(c)(1). The BIA has "discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). The BIA reasonably concluded that the declaration from Gutierrez Aguirre's mother concerning new threats from Los Sicarios was unlikely to change the outcome of the case because it did not strengthen the petitioners' claims that their feared harm was on account of a protected ground.

**PETITION DENIED**.